THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., | Case No. C10-0813-JCC |
| Plaintiff, | ORDER |
| v. | |
| ACE PAVING CO., INC., a Washington corporation, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion for summary judgment (Dkt. No. 7), Defendant's response (Dkt. No. 12), and Plaintiff's reply. (Dkt. No. 13.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I. BACKGROUND

This case arises from a series of untimely pension contributions made by Defendant Ace Paving Co., Inc.

On January 19, 2003, Ace and the International Brotherhood of Teamsters Local 589, representing a group of Ace's employees, signed the Heavy Construction Compliance

ORDER
PAGE - 1

1   Agreement. (Ditter Decl. Ex. C (Dkt. No. 8-2).) The Compliance Agreement binds the parties
2   to the June 1, 2003 to May 31, 2007 collective bargaining agreement negotiated between the
3   Union and the Associated General Contractors of America, Inc., and successor collective
4   bargaining agreements. (*Id.*) By signing this agreement, Ace agreed to be a party to both the
5   Western Conference of Teamsters Pension Plan Agreement and Declaration of Trust ("Pension
6   Plan Agreement") and the Teamsters Construction Industry Welfare Trust Agreement and
7   Declaration of Trust ("Welfare Trust Agreement"). (*Id.*)
8   　　　　The Pension Plan Agreement states that if an employer is delinquent in making
9   contributions to the pension plan, it must make three additional kinds of payments: interest on
10  late contributions; liquidated damages equal to 20% of the late contributions; and attorney fees
11  incurred in connection with the delinquency plus court costs. (Pension Plan Agreement art. IV
12  § 3(b) (Dkt. No. 8-1 Ex. A).)
13  　　　　Ace concedes that it made three late monthly contributions: February, March, and April
14  of 2010. (Resp. 3 (Dkt. No. 12).) Northwest Administrators filed suit to collect the funds on
15  May 17, 2010. (Dkt. No. 1.) Later that day, Ace paid the contributions for February and March.
16  (Ditter Decl. ¶ 26 (Dkt. No. 8).) On July 2, 2010, Ace submitted the contribution for April.
17  (*Id.*) Northwest Administrators now moves for summary judgment to collect the liquidated
18  damages, attorney fees, and court costs. Ace does not contest that attorney fees and court costs
19  are owed, but disputes the calculation of liquidated damages.
20  **II.   APPLICABLE LAW**
21  　　　　Federal Rule of Civil Procedure 56(c) mandates that a motion for summary judgment
22  be granted when "the pleadings, the discovery and disclosure materials on file, and any
23  affidavits show that there is no genuine issue as to any material fact and that the movant is
24  entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). There exists a genuine issue as
25  to a particular fact—and hence that fact "can be resolved only by a finder of fact" at trial—
26  when "[it] may reasonably be resolved in favor of either party"; conversely, there exists no

genuine issue when reasonable minds could not differ as to the import of the evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–52 (1986). Whether a particular fact is material, in turn, is determined by the substantive law of the case: "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Summary judgment, then, demands an inquiry into "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law"; if applying the relevant law to those facts about which no two reasonable factfinders could disagree dictates that the moving party must prevail, then a motion for summary judgment must be granted. *Id.* at 250–52.

**III.   DISCUSSION**

Liquidated damages for delinquent contributions are governed by 29 U.S.C. § 1132(g). This rule is mandatory, not discretionary. *Northwest Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996). To be entitled to a mandatory award under § 1132(g)(2), the following three requirements must be satisfied: (1) the employer must be delinquent at the time the action is filed; (2) the district court must enter a judgment against the employer; and (3) the plan must provide for such an award. *Id.*

Ace first argues that because the payments were made on the same day as the suit was filed, it was not delinquent when the suit was filed. (Resp. 4 (Dkt. No. 12).) This argument has absolutely no merit. As Northwest Administrators states, even if the contributions were paid a few hours after the suit was filed, they were unpaid at the time of filing. (Reply 2 (Dkt. No. 13).) Ace offers no grounds for deviating from the plain language of the statute.

Ace's second argument is that Northwest Administrators has misread the statute. Section (g) provides in part:

ORDER
PAGE - 3

1. In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.
2. In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—
   A. the unpaid contributions,
   B. interest on the unpaid contributions,
   C. an amount equal to the greater of—
      i. interest on the unpaid contributions, or
      ii. liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
   D. reasonable attorney's fees and costs of the action, to be paid by the defendant.

29 U.S.C. § 1132(g). Ace disputes the calculation of subparagraph (A): "the unpaid contributions."

Ace argues that it should not be required to pay liquidated damages for contributions that have already been paid, even if they were delinquent. Liquidated damages should not be calculated as 20% of unpaid contributions on the date that a complaint was filed, Ace argues, but rather 20% of unpaid contributions included in a judgment awarded for unpaid contributions. (Resp. 5 (Dkt. No. 12).) This proposition is not a novel one, and has been explicitly rejected by the Ninth Circuit. In *Albertson's*, the court held that mandatory fees are available under § 1132(g)(2) "notwithstanding the defendant's post-suit, pre-judgment payment of the delinquent contributions themselves." *Albertson's,* 104 F.3d at 258; see also *Trs. of the Constr. Indus. v. B. Witt Concrete Cutting, Inc.*, 685 F. Supp. 2d 1158, 1163 (D. Nev. 2010) (noting that the Ninth Circuit has "squarely rejected" Ace's interpretation of § 1132(g)(2)(C)). Ace argues that to the extent that *Albertson's* is inconsistent with Ace's interpretation, the Ninth Circuit is wrong and should be corrected. (Resp. 9 (Dkt. No. 12).) Ace is free to pursue that argument on appeal, but this Court must follow binding precedent. Ace

ORDER
PAGE - 4

has failed to demonstrate a genuine issue of material fact with respect to its obligation to pay liquidated damages on delinquent contributions paid before issuance of a judgment.

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment (Dkt. No. 7) is GRANTED. Judgment is awarded in favor of Plaintiff against Defendant in the amounts hereinafter listed, which amounts are due to the Plaintiff for the employment period of February 2010 through April 2010:

a) $5,311.82 for liquidated damages;

b) $144.62 for interest; and

c) attorney fees and costs, to be determined at a later date.

DATED this 4th day of October, 2010.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 5